**In re the Petition for DISCIPLINARY ACTION AGAINST Thomas F. MILEY, an Attorney at Law of the State of Minnesota.**

**No. C7–91–718.**

Supreme Court of Minnesota.

July 12, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Thomas F. Miley has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent committed various trust account violations including overdrawing his trust account, failing to maintain trust account journals and ledgers, failing to perform the required trial balances and reconciliations for his trust account, failing to annotate individual checks and deposit slips, failing to maintain a general business or personal account, commingling personal funds and client funds, treating retainers as if earned upon receipt, falsely certifying to this Court that his books and records complied with Rule 1.15, Minnesota Rules of Professional Conduct, and falsely stating to the Director's Office that he had taken appropriate steps to remedy his inadequate bookkeeping with regard to his trust account.

Along with the petition, the Director filed a stipulation for discipline between the Director and respondent. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand followed by a 2-year period of supervised public probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Thomas F. Miley, hereby is publicly reprimanded and placed on supervised public probation pursuant to Rule 15, Rules on Lawyers Professional Responsibility for a period of 2 years effective immediately.

2. The terms of respondent's probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct which have or may come to the Director's attention. Either respondent's admission or a referee's finding of further professional misconduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall address any personal problems which respondent believes may have caused or contributed to his professional misconduct.

c. Respondent shall, upon the Director's request, execute such authorizations as may be necessary for the Director to verify respondent's compliance with the terms of this stipulation, including verification that respondent successfully is addressing any personal problems that may have caused or contributed to respondent's professional misconduct.

d. Within 2 weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota lawyer

as respondent's supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as the Director reasonably may request.

e. Respondent shall cooperate fully with the supervisor and with the Director's Office in their efforts to monitor respondent's compliance with the terms of this probation and in any investigations of further professional misconduct which may arise during the probation.

f. Respondent's supervisor periodically shall review respondent's books, records, ledgers and accounts pertaining to respondent's office and trust accounts to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct.

g. Respondent shall report at least quarterly to his supervisor concerning the status of all matters then being handled by respondent and concerning respondent's compliance with the terms and conditions of the probation.

h. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9. Such books and records shall, upon request, be subject to review by the Director and respondent's supervisor.

i. If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has not complied with the terms of the probation as contained in this stipulation, the Director may file with this Court a petition for revocation of probation and for further disciplinary action against respondent without the necessity of any panel proceedings.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.