Thomas C. Vasaly, First Asst. Director, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

William W. Essling, St. Paul, for respondent.

**In re Petition for DISCIPLINARY ACTION AGAINST Thomas F. MILEY, an Attorney at Law of the State of Minnesota.**

No. C7–91–718.

Supreme Court of Minnesota.

July 10, 1992.

PER CURIAM.

Respondent Thomas F. Miley was admitted to practice law in Minnesota in October 1985, worked for various attorneys, and in 1990 commenced work as a sole practitioner. Pursuant to an amended stipulation for discipline entered into by respondent and the director and detailing various trust account violations, on July 12, 1991 this court issued an order publicly reprimanding respondent and placing him on a two-year supervised public probation setting forth numerous terms of compliance. *In re Miley,* 472 N.W.2d 320 (Minn.1991). By petition filed with this court on October 29, 1991, the director sought to revoke respondent's probation and initiate further disciplinary proceedings, charging misconduct in representing a client, continuing trust account violations, and failure to pay judgment costs. A referee appointed by this court to preside at a hearing on the matter issued findings of fact and conclusions of law and recommended that respondent be suspended from practice indefinitely and for at least two years. We agree with the referee's recommendation.

We point out that neither respondent nor the director ordered a transcript of the hearing within ten days of the hearing date, pursuant to Rule 14(e), Rules on Lawyers Professional Responsibility (RLPR); as a result, the referee's findings of fact and conclusions are deemed conclusive, *In re Graham,* 453 N.W.2d 313, 315–16 (Minn. 1990), and serve as the basis of our consideration of this petition. The first of the three counts in the present petition con-

cerns respondent's actions during the course of his representation of a client. He repeatedly invoked his fifth amendment privilege against self-incrimination in response to the director's inquiries on the subject. After a thorough review of the record—which does not include a transcript of the hearing—we are satisfied that the referee observed in full respondent's fifth amendment privilege.

In July 1991 a criminal defendant retained respondent to defend against felony drug possession charges and to recover money confiscated when the drugs were seized. A period of sustained misconduct on Miley's part ensued. First, while driving this client to Grand Marais, Minnesota to attend an omnibus hearing, Miley, whose driver's license had been suspended, abruptly stopped the car at the side of the highway and requested that the client exchange seats with him. A highway patrol car with lights flashing appeared directly behind the stopped car, and the client, who was by then in the driver's seat, was ticketed for speeding. Second, after failing to disclose that it was he, not the client who had been driving, Miley contacted the district court and entered a plea of not guilty on the client's behalf. By letter he later told his client to be present at the Carlton County Courthouse on October 14, 1991 for a trial on the alleged speeding violation, but without notifying his client, the prosecutor, or the court, Miley failed to appear. The client explained the events which had occurred just before issuance of the speeding ticket, and the prosecutor dismissed the charge. Finally, because Miley failed to petition the district court for return of the client's confiscated funds within 60 days of seizure, the money was forfeited by default. The referee concluded that respondent's conduct relating to representation of the client violated Rules 1.3, 1.7(b), and 8.4(c) and (d), Minnesota Rules of Professional Conduct (MRPC), and this court's order of July 12, 1991.

Count number two arises out of respondent's continuing pattern of trust account irregularities. Upon receiving an overdraft notice issued on respondent's trust account, the director requested respondent to provide specific financial documents to ascertain whether he maintained his books and records correctly. Following an investigation marked by delay and intransigence, the referee found that respondent used his trust account as both a personal and business account, falsely certified on his attorney registration statement that his books and records were kept in accordance with the professional rules, failed to record disbursements from the client subsidiary ledgers, maintained incomplete cash disbursement and receipt journals, failed to perform required trial balances and reconciliations, and falsely represented that a qualified accountant was overseeing his books and records. Although he provided some information, met with the director, and contacted an accountant, as of the hearing date respondent had yet to supply the director with sufficient financial records to ascertain whether he maintained his books and records properly. As a result, the referee concluded that respondent violated Rules 1.15(a), (b) and (g), and 8.4(c), MRPC, Lawyers Professional Responsibility Board amended opinion number 9, Rule 25, RLPR, and this court's order.

Finally, count number three stems from an agreement respondent made with the director whereby he was to defray his $750 cost judgment obligation by paying $200 by August 31, 1991 and $50 per month for the ensuing eleven months. After issuing an insufficient funds check to the director on September 6, 1991, respondent made good on the initial payment on October 16, 1991, but as of the hearing date had not tendered any of the remaining payments. The referee concluded that respondent thereby violated Rule 8.4(d), MRPC and this court's order.

Respondent has exhibited complete and persistent disregard for the welfare of his client. Beyond failing to file a petition for return of his client's confiscated funds when aware of the filing deadline, while entrusted with the duty of protecting his client against serious criminal sanction, Miley caused his client to become subject to prosecution on a speeding ticket and then abandoned him. He not only disadvan-

 

taged his client, he affirmatively placed him in harm's way. *See In re Stromwall,* 481 N.W.2d 60, 62 (Minn.1992); *In re Franke,* 345 N.W.2d 224, 228 (Minn.1984).

With respect to his trust account, respondent has shown a total inability to conform his conduct to the dictates of the professional rules, an unwillingness to cooperate with the director, and a cavalier disregard for this court's order. Although no evidence in the record shows that respondent has misappropriated client funds, we will not tolerate abuse of trust accounts, especially when, as here, the abuse is sustained and perpetrated in knowing violation of professional rules and an order of this court. *In re Lochow,* 469 N.W.2d 91, 98 (Minn.1991).

It is, therefore, the judgment of this court:

(1) That commencing ten (10) days from the date of issuance of this opinion respondent Thomas F. Miley is indefinitely suspended from the practice of law and that he shall be ineligible to apply for reinstatement for a period of not less than two years thereafter.

(2) That the reinstatement hearing provided in Rule 18, Rules on Lawyers Professional Responsibility, is not waived and reinstatement shall be conditioned upon the following:

(a) Respondent's successful completion of the professional responsibility portion of the bar examination pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility;

(b) Respondent's satisfaction of the continuing legal education requirements contained in Rule 18(e), Rules on Lawyers Professional Responsibility;

(c) Respondent's compliance with Rule 26, Rules on Lawyers Professional Responsibility; and

(d) Respondent shall satisfy the $750.00 cost judgment entered in this court on July 12, 1991, and, in addition, shall pay to the director the sum of $750.00 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsi-

bility, in connection with these present proceedings.

IT IS SO ORDERED.